```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRUCE KERN,  Petitioner,  v.  DAVID S. OWENS, JR.,  Respondent. | HONORABLE JEROME B. SIMANDLE  Civil Action No. 15-1099 (JBS)  **OPINION** |

APPEARANCES:

Bruce Kern, Petitioner pro se
#4302412
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08101

**SIMANDLE, Chief Judge:**

## I.  INTRODUCTION

Petitioner Bruce Kern filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his pretrial confinement at Camden County Correctional Facility ("CCCF"). (Docket Entry 1). For the reasons expressed below, this Court will dismiss the Petition, and no certificate of appealability shall issue.

## II.  BACKGROUND

Petitioner states he has been confined as a pretrial detainee at CCCF since December 29, 2014. He appeared before a judge on January 15, 2015, at which time his bail was reduced

from $52,500 to $35,000 cash or bond. (Docket Entry 1 at 16). On January 22, 2015, he filed a petition for writ of habeas corpus with the New Jersey Superior Court, Law Division pursuant to N.J. STAT. ANN. 2A:67-15(a) (West, WestlawNext current through L. 2015, c.32). (Docket Entry 1 at 15). He claimed he had not been arraigned on all of the charges presently pending against him; his bail is excessive and unreasonable in violation of the Eighth and Fourteenth Amendment; he wanted to waive his right to a Grand Jury and proceed directly to trial; he is being detained with sentenced inmates; he has been denied screening and treatment for Hepatitis C in deliberate indifference to his medical needs; and he was being denied meaningful access to the law library and thus forced to accept appointed counsel. (Docket Entry 1 at 15-22). He asked for the court to respond to his petition within seven days, or he would proceed to higher courts every seven days thereafter. (Docket Entry 1 at 23-24).

In accordance with this statement, Petitioner filed a habeas petition with the Appellate Division on January 30, 2015. (Docket Entry 1 at 25). He submitted a notice of appeal from the "Superior Court, Law Division's arbitrary inaction" on his petition filed the previous week. (Docket Entry 1 at 27). Petitioner raised the same grounds as before, but added a claim of arbitrary inaction by the Law Division. (Docket Entry 1 at 32).

Petitioner filed the instant petition with this Court on February 5, 2015. In his petition, he alleges he has not been arraigned on all of the charges presently pending against him during this time (Ground One); his bail is excessive and unreasonable in violation of the Eighth and Fourteenth Amendments (Ground Two); he has been denied the opportunity to challenge the determination of probable cause (Ground Three); he has been denied meaningful access to the courts (Ground Four); he is being detained with sentenced inmates and "subjected to harshly punitive conditions of confinement" (Ground Five); he has been denied screening and treatment for Hepatitis C in deliberate indifference to his medical needs (Ground Six); and the combined effect of the previous six grounds "are intended to compel Kern to be a witness against himself" (Ground Seven). By Order dated February 23, 2015, this Court administratively terminated the petition for failure to pay the filing fee or submit an application to proceed *in forma pauperis*. (Docket Entry 2). Petitioner paid the filing fee on March 13, 2015, therefore the Court shall order that this matter reopened.

On March 28, 2015, Petitioner submitted a supplemental "traverse" in support of his petition. (Docket Entry 3). In his submission, Petitioner states he received from the Clerk of the Appellate Division a "pro se" kit for pursuing his state appellate claims on February 11, 2015. (Docket Entry 3 ¶ 5). He

3

further stated the grievances he filed with CCCF had not been responded to his satisfaction, and the state courts have not responded to his habeas petitions or motions. (Docket Entry 3 ¶¶ 6-8). Petitioner attempted to file a motion for leave to appeal with the Appellate Division regarding his complaints, however he asserts his efforts to file the motion have been "stonewalled" by CCCF. (Docket Entry 3 ¶¶ 9-17). CCCF responded to his filed grievances regarding his medical care on February 20, 2015. (Docket Entry 3 at 24-29). He requests this Court order his immediate release pending a hearing. (Docket Entry 3 ¶ 20).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4

(made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

**IV.  DISCUSSION**

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46).  Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

5

*Moore*, 515 F.2d at 443. Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. Although Petitioner asserts the Superior Court Law and Appellate Divisions have not been responsive to his petitions, in order to be deemed exhausted "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). Petitioner has made no showing that he has attempted to bring his claims before the New Jersey Supreme Court.

    Grounds One, Three, and Seven are essentially speedy trial complaints. The Third Circuit has previously held "there was nothing in the nature of the speedy trial right to qualify it as a per se extraordinary circumstance that warranted dispensing with the exhaustion requirement." *Duran*, 393 Fed. Appx. at 5 (citing *Moore*, 515 F.2d at 446). Petitioner's speedy trial claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review." *Moore,* 515 F.2d at 445. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s

6

constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.* at 449. The same is true for Petitioner's claim of being held on excessive and unreasonable bail.[1]

As Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## V.   CONCLUSION

Based on the foregoing, this Court will dismiss the Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.

 April 9, 2015                              s/ Jerome B. Simandle
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

---

[1] The Court takes note that three of the grounds for relief raised, Grounds Four, Five, and Six, present issues more appropriately brought before this Court in a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk shall be directed to provide Petitioner with the appropriate forms to enable him to refile those claims under § 1983, after he has first exhausted the administrative claims procedures of the CCCF.